ANTONIA VILARÓ BATLLE, Plaintiff and Appellee, v. MIGUEL PUIG MUNET, Defendant and Appellant.

No. 8341. Argued November 14, 1941.—Decided December 8, 1941.

*E. Díaz Santana* and *E. Mieres Calimano* (*José Soto Rivera* on the brief) for appellant. *Géigel & Silva* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

■■ The judgment appealed from was rendered in an action for divorce on the ground of cruel treatment and grave injury on the part of the defendant towards his wife. While the action was pending, the wife obtained from the court, on motion, certain provisional measures such as the fixing of the residence and temporary care of the only daughter born out of the marriage. The defendant in his turn, also before the trial, moved for the temporary regulation of the family relations between himself and his daughter, and for the appointment of a receiver for the administration of his wife's separate property, on the ground that half of her income be-

longed to him by operation of law. Both requests were denied. He did not apply for a review of those decisions but includes them now in the assignment of errors marked 2, 3, 4 and 5. Said measures, as indicated by their designation and nature, are of a provisional character and their effect only lasts until a final judgment is rendered and then they are substituted, in the event of a divorce being decreed, by such measures arising from the same as are enumerated in Book First Title IV, Chapter 5, Sections 105 to 109, inclusive, of the Civil Code. Those provisional measures involve questions merely collateral to the action of divorce and such being the case they can not bring about the reversal of any judgment that might be rendered, either sustaining or dismissing the complaint. Therefore, a consideration of said questions within the present appeal would be academic.

It is claimed in the first assignment that the trial court erred in denying defendant's motion to strike out certain phrases of the complaint which, according to him are conclusions and not statements of fact. Although it is not the ultimate facts but the conclusions of law which are disapproved by the rules of procedure, Section 142 of the Code of Civil Procedure provides that no judgment shall be reversed or affected by reason of any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties.

The same may be said regarding the assignments numbered 6 and 7, which relate to the cross-examination of a certain witness for the plaintiff, that was actually confined to questions which do not affect in any way the conclusion reached by the trial court when sustaining the complaint in the divorce proceedings.

In the eighth assignment the appellant complains of the failure of the court to take into account the efforts of the defendant for a reconciliation with his wife. Since the defendant was the offender, as we shall see when consider-

ing the ninth and last assignment, what relevancy may there be in his alleged efforts to get his wife to submit further to his cruel treatment for which he had been forgiven by her on one occasion in Ponce but which the defendant repeated in a more violent form in Santurce shortly afterwards? If she failed to forgive him on the latter occasion and, therefore, no reconciliation ensued that might have barred the action for divorce (Section 103 of the Civil Code), such evidence submitted by the defendant was necessarily irrelevant and immaterial.

By the ninth and last error assigned it is charged that the court erred in weighing the evidence.

It was shown by the evidence for the plaintiff and by the testimony of one of the witnesses for the defendant that in January 1938, in the city of Ponce, the defendant ill-treated the plaintiff in such cruel and violent way that the neighbors had to intervene to prevent him from continuing to assault her, whereupon the witness Varela, produced by the defendant himself, advised them to get a divorce. Such evidence also tended to show that the plaintiff forgave the defendant for his offenses and withdrew her action for divorce filed in the District Court of Ponce, and that after moving to Santurce, at Las Palmas Street, the defendant likewise ill-treated her again in the latter part of 1938, in such way that the witness Luis Rafael Dávila had to intervene and shelter the plaintiff in his home to prevent the defendant from committing further assaults, and that thereupon she separated from him and immediately thereafter filed her complaint for divorce which gave rise to the judgment appealed from.

The evidence fails to show at all that the trial judge was moved by passion, prejudice or bias, as claimed by the defendant, and as no error has been committed justifying the reversal of the judgment, the same must be affirmed.

Mr. Justice Todd, Jr., took no part in the decision of this case.